## IN THE UNITED STATES DISTRICT COURT OF THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TASHIAH BOXLEY, | Case No. |
| Plaintiff, | |
| v. | |
| SOCIAL STATUS, and ROBERT JOHNSON, in his professional and individual capacity, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

NOW COMES, Plaintiff, Tashiah Boxley by and through her attorney, Sean L. Ruppert, Esq., of Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1.      Plaintiff brings this Complaint to recover damages under 42 U.S.C. §2000e-2(a), Title VII of the Civil Rights Act of 1964 ("Title VII"), Pennsylvania Human Relations Act of 1955 ("PHRC"), and Pennsylvania Common Law. Plaintiff was sexually harassed and assaulted by a shift supervisor of the Defendant, and constructively discharged in retaliation for her complaints about the sexual harassment to the Defendant.

### II. Jurisdiction and Venue

1.      This action arises under Title VII, 42 U.S.C §2000e-2(a) and PHRC, 43 P.S. §§ 951-963. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C § 1331.

2.      This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a).

3.      Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4.      Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding her allegations under the Title VII on May 25, 2017, under charge number 533-2017-00952. *See Exhibit 1.*

5.      Plaintiff was mailed Notice of Right to Sue from the ("EEOC") on December 11, 2017. This Complaint has been filed within ninety (90) days of the Plaintiffs receipt, thus making this action timely. *See Exhibit 2.*

### III. Parties

6.      Plaintiff, Tashiah Boxley ("Plaintiff"), is an adult individual who resides in Allegheny County, Pennsylvania.

7.      Defendant, Social Status ("Defendant"), is a retail clothing store with various locations North Carolina, Georgia, Texas, Florida and Pennsylvania. Defendant operates one such store at at 717 Liberty Avenue, Pittsburgh, PA 15222.

8.      Defendant, Robert Johnson, is one of Defendant's shift managers working at the 717 Liberty Avenue, Pittsburgh, PA 15222 location.

### IV. Facts

9.      Defendant hired Plaintiff as a part-time sale associate in January 2017.

10.      Plaintiff worked Monday through Friday, from approximately 4:00 p.m. to 7:00 p.m., and an eight-hour shift on Saturdays.

11.     Shortly after she began working for the Defendant, one of the shift managers, Robert Johnson, began to sexually harass and assault Plaintiff on several occasions.

12.     Specially, Johnson told Plaintiff on various occasions that:

   a.  He was attracted to her;

   b.  He wanted to have sex with her;

   c.  He wanted her to perform oral sex on him; and

   d.  He wanted to have sex with her, and another woman, at the same time.

13.     Plaintiff specifically, and clearly, rejected all of his advances. She asked him to stop making these advances on multiple occasions, but he continued even after her request.

14.     On February 20, 2017, Johnson told Plaintiff that he wanted to have sex with her at work, and he offered her money, items from the store, and other gifts in exchange for sex. Plaintiff refused.

15.     Johnson's behavior escalated, and he started to grope Plaintiff.

16.     The harassment was witnessed by other employees of the Defendant, and some of those employees reported Johnson's behavior to Defendant's District Manager.

17.     Plaintiff was contacted by the District Manager, and told that nothing could be done about the situation.

18.     Additionally, the District Manager informed Plaintiff that Johnson accused her of stealing a pair of stores from the store.

19.     Plaintiff was not informed of this allegation until after she discussed her accusations of sexual harassment and assault with the District Manager.

20.     Plaintiff denied that she stole anything from the Defendant's store.

21.     However, due to Johnson's allegation, the District Manager told Plaintiff that the timing of her allegation was "off" and it appeared that she was trying to retaliate against Johnson.

22.     Johnson was not disciplined and no attempt was made to remedy the situation.

23.     Shortly after Plaintiff spoke with the District Manager, her hours were reduced from six (6) days per week to one (1) or two (2) days per week.

24.     Even though her hours were reduced, Johnson was still working during portions of Plaintiff's shifts.

25.     Plaintiff was left with no other choice then to resign from her position, as Defendant had completely refused to investigate her claims of sexual harassment and groping, and forced her to work side by side with the individual who had harassed and groped her.

### V. Allegations

### <u>COUNT I</u>
### Constructive Discharge in Violation of Title VII and the PHRA

26.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

27.     Plaintiff is a member of a protected class as she is a woman and therefore, she is protected by Title VII against discrimination based on her gender and sex.

28.     Plaintiff is an employee and therefore, she is protected by Title VII and the PHRA against discrimination based on her gender and sex.

29.     Defendant is an employer pursuant to Title VII as Defendant employs more than fifteen (15) employees.

30.     Defendant is an employer pursuant to the PHRA as Defendant employs more than four (4) employees

31.     Shortly after she began working for the Defendant, one of the shift managers, Robert Johnson, began to sexually harass and assault Plaintiff on several occasions.

    a.  Specially, Johnson flirted with Plaintiff, expressed his attraction to her, stated that he wanted to have sex with her, stated he wanted to have three-way sex with her and another woman, and stated he wanted her to perform oral sex on him. Plaintiff rejected all of his advances.

    b.  On February 20, 2017, Johnson told Plaintiff that he wanted to have sex with her at work, and he offered her money, items from the store, and other gifts in exchange for sex. Plaintiff refused.

    c.  Johnson's behavior escalated, and he started to grope Plaintiff.

32.     The harassment was witnessed by other employees of the Defendant, and some of those employees reported Johnson's behavior to Defendant's District Manager.

33.     Plaintiff was told by the District Manager that nothing could be done about the situation.

34.     Additionally, the District Manager informed Plaintiff that Johnson accused her of stealing a pair of stores from the Defendant's store.

35.     Prior to her discussion with the District Manager, Plaintiff was never informed of the allegation. Plaintiff denied that she stole anything from the Defendant's store.

36.     However, due to Johnson's allegation, the District Manager told Plaintiff that the timing of her allegation was "off" and it appeared that she was trying to retaliate against Johnson.

37.     Johnson was not disciplined and no attempt was made to remedy the situation.

38.     Shortly after Plaintiff spoke with the District Manager, her hours were reduced and she was instructed to stay away from Johnson.

39.     Even though her hours were reduced, Johnson was still working during portions of Plaintiff's shifts.

40.     Due to the reduction of Plaintiff's hours, other employees' schedules were changed. As a result, those employees blamed her and caused a hostile work environment for her.

41.     As a result of these events, Plaintiff was forced to resign from her position.

42.     Plaintiff believes, and therefore avers, that she was constructively discharged because of her refusal to accept Johnson's sexual advances and because she reported the behavior to the Defendant.

43.     Plaintiff suffered damages as a direct result of Defendant's unlawful acts and omissions.

## COUNT II
### Violation of Title VII and the PHRA
### Hostile Work Environment

44.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

45.     Plaintiff is a member of a protected class as she is a woman and therefore, she is protected by Title VII against discrimination based on her gender and sex.

46.     Plaintiff is an employee and therefore, she is protected by Title VII against discrimination based on her gender and sex.

47.     Defendant is an employer pursuant to Title VII as Defendant employs more than fifteen (15) employees.

48.     Shortly after she began working for the Defendant, one of the shift managers, Robert Johnson, began to sexually harass and assault Plaintiff on several occasions.

    a.  Specially, Johnson flirted with Plaintiff, expressed his attraction to her, stated he wanted to have a threesome with her, and stated he wanted her to perform oral sex on him. Plaintiff rejected all of his advances.

    b.  On February 20, 2017, Johnson told Plaintiff that he wanted to have sex with her at work, and he offered her money, items from the store, and other gifts in exchange for sex. Plaintiff refused.

    c.  Johnson's behavior escalated, and he started to grope Plaintiff.

49.    The harassment was witnessed by other employees of the Defendant, and some of those employees reported Johnson's behavior to Defendant's District Manager.

50.    Plaintiff was told by the District Manager that nothing could be done about the situation.

51.    Additionally, the District Manager informed Plaintiff that Johnson accused her of stealing a pair of stores from the Defendant's store.

52.    Prior to her discussion with the District Manager, Plaintiff was never informed of the allegation. Plaintiff denied that she stole anything from the Defendant's store.

53.    However, due to Johnson's allegation, the District Manager told Plaintiff that the timing of her allegation was "off" and it appeared that she was trying to retaliate against Johnson.

54.    Johnson was not disciplined and no attempt was made to remedy the situation.

55.    Shortly after Plaintiff spoke with the District Manager, her hours were reduced and she was instructed to stay away from Johnson.

56.    Even though her hours were reduced, Johnson was still working during portions of Plaintiff's shifts.

57.     Johnson's repeated sexual acts, as described above, where both severe and pervasive.

58.     Defendant failed to take any steps to prevent Johnson from continuing to harass and grope Plaintiff, even after they were reported to the District Manager.

59.     Plaintiff suffered damages as a direct result of Defendant's unlawful acts and omissions.

## COUNT III
## Retaliation in Violation of Title VII and the PHRA

58.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

59.     Plaintiff is a member of a protected class as she is a woman and therefore, she is protected by Title VII against discrimination based on her gender and sex.

60.     Plaintiff is an employee and therefore, she is protected by Title VII and the PHRA against discrimination based on her gender and sex.

61.     Defendant is an employer pursuant to Title VII as Defendant employs more than fifteen (15) employees.

62.     Defendant is an employer pursuant to the PHRA as Defendant employs more than four (4) employees.

63.     Plaintiff went to her supervisor in good faith to report the inappropriate and harassing behavior committed by Mr. Johnson.

64.     Following her report, Mr. Johnson had falsely accused her of theft.

65.     Plaintiff was never informed of the allegation prior to her report to the District Manager, and denied having stolen anything from the store.

66.    Mr. Johnson was never disciplined for the sexual harassment report, yet Plaintiff's schedule was reduced from six (6) days per week to one (1) to two (2) days per week.

67.    Plaintiff was then instructed to stay away from Mr. Johnson.

68.    Plaintiff was falsely accused of theft and had her hours reduced in retaliation of her sexual harassment complaint to the District Manager, in direct violation of Title VII and the PHRC.

69.    Plaintiff believes, and therefore avers, that she was terminated in retaliation for filing a sexual harassment complaint, in violation of Pennsylvania Common Law.

70.    As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

### COUNT IV
### Intentional Tort: Assault
### Plaintiff v. Robert Johnson

71.    The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

72.    Shortly after she began working for the Defendant, one of the shift managers, Robert Johnson, began to sexually harass and assault Plaintiff on several occasions. Plaintiff refused his advances.

73.    Johnson's behavior escalated and he started to grope Plaintiff.

74.    The harassment was witnessed by other employees of the Defendant, and some of those employees reported Johnson's behavior to Defendant's District Manager.

75.    Plaintiff was told by the District Manager that nothing could be done about the situation.

76.    As a result of Johnson's actions, Plaintiff was forced to resign from her position.

77.     Plaintiff suffered damages as a direct result of Defendant's unlawful acts and omissions.

## COUNT V
### Negligence: Failure to Supervise

78.     The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

79.     Defendant paid Plaintiff monetary wages in accordance with a regular payroll schedule in exchange for services performed by Plaintiff within the regular course of Defendant's business. The Defendant is therefore an employer, and Plaintiff an employee, within the meaning of Pennsylvania Common Law.

80.     Johnson was a shift manager for the Defendant.

81.     Defendant was made aware of the events by Plaintiff and other employees of the Defendant.

82.     Additionally, the District Manager informed Plaintiff that Johnson accused her of stealing a pair of stores from the Defendant's store.

83.     Prior to her discussion with the District Manager, Plaintiff was never informed of the allegation. Plaintiff denied that she stole anything from the Defendant's store.

84.     However, due to Johnson's allegation, the District Manager told Plaintiff that the timing of her allegation was "off" and it appeared that she was trying to retaliate against Johnson.

85.     Johnson was not disciplined and no attempt was made to remedy the situation.

86.     Defendant had a duty to supervisor Johnson, and prevent him from harassing and assaulting the Plaintiff.

87.     Defendant did not take any steps to supervise Johnson, even allowing him to continue to work with the Plaintiff.

88.     Plaintiff was forced to resign her position as the Defendant did not remedy the situation and failed to properly supervised Johnson.

89.     The harassment and assault perpetrated by Johnson was the direct result of the Defendant's negligent supervision Johnson.

90.     Plaintiff suffered damages as a direct result of Defendant's unlawful acts and omissions.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including; compensatory damages, punitive damages, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ Sean L. Ruppert
Sean L. Ruppert, Esq.
PA ID: 314380
**KRAEMER, MANES
& ASSOCIATES LLC**
US Steel Tower
600 Grant St, Suite 4875
Pittsburgh, PA 15219
(412) 626-5550 Direct
(412) 637-0144 Fax
sr@lawkm.com